## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,                )
                                         )
            Plaintiff/Respondent,        )        CIVIL NO.
                                         )
    v.                                   )        1:06 cv145-MHT
                                         )
CECIL FREEMONT GIBSON,                   )
                                         )        CASE NO. 1:04-CR-180-T
            Defendant/Movant.            )
_____  )

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, Defendant/Movant, **CECIL FREEMONT GIBSON**,

Register Number 11535-002, and respectfully moves this Honorable Court under 28

U.S.C. § 2255 for all relief and remedy available against the above-named Respondent

for violation of Movant's rights to the full benefit of this Court's sentencing intent. *See*

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

32,110 Stat. 1214 (1996); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972)

(collateral challenge proper where "prisoner was sentenced on the basis of assumptions .

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 1*

. . which were materially untrue"); *United States v. Dean*, 752 F.2d 535, 544 (11th Cir. 1985) (citing *Tucker*: "Those cases do indeed stand for the proposition that a sentencing court cannot rely on 'false assumptions'" without violating the due process clause."); 18 U.S.C. § 3553(a).

In support of his allegations, Movant states as follows:

## JURISDICTION AND VENUE

1.      Movant is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States;" original relief in this Court is thus proper pursuant to 28 U.S.C. § 2255. This Court also possesses jurisdiction over Movant's Federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

2.      As the sentencing court, the Southern Division of the Middle District of Alabama is the appropriate venue pursuant to 28 U.S.C. § 2255. Because a substantial part of the events or omissions giving rise to these claims occurred in this district, the Southern Division of the Middle District of Alabama is also the appropriate venue pursuant to 28 U.S.C. 1391(b)(2).

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 2*

3.     Movant Cecil Freemont Gibson, Federal Register Number 11535-002, is currently incarcerated at Federal Correctional Institution ("FCI") Forrest City, Arkansas, under a Judgment in a Criminal Case ("J&C") rendered January 31, 2005[1], in the District Court of the United States for the Middle District of Alabama (Hon. Myron H. Thompson, U.S.D.J., presiding). After his guilty plea, this Court ordered Mr. Gibson to serve 36 months in the custody of the Federal Bureau of Prisons ("BOP"); this Honorable Court further recommended that he receive the Residential Drug Abuse Program ("RDAP") offered by the Federal Bureau of Prison ("BOP") and, we believe, all benefits accruing to that Program's successful completion.

## EXHAUSTION OF REMEDIES AND ABSENCE OF OTHER FEDERAL FILINGS

4.     No administrative remedies exist through which Mr. Gibson can address the possible violation of sentencing intent, and his consequently unlawful custody, besides this motion under 28 U.S.C. § 2255.

5.     Mr. Gibson has filed no direct appeal, collateral attack, or any other judicial process with respect to the Judgment here challenged, and no such matter is currently pending in any forum.

---

[1]     Judgment was entered on February 7, 2005.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 3*

## FACTUAL BACKGROUND

6.      On October 8, 2004, Movant-Defendant pled guilty before the Honorable
Charles S. Coody, U.S.M.J., to a two-count Information charging Possession of
Marijuana with Intent to Distribute (21 U.S.C. §§ 841); and Possession of Firearm by
Convicted Felon (18 U.S.C. § 922(g)).

7.      At sentencing, the Court addressed the role Mr. Gibson's drug addiction
played in his limited offense conduct. *See* Sent. Hrg. Tr., 8/6/2004, p. 10, ll. 17-19; p.
14, ll. 15-23.

8.      The Court recommended "that the defendant be designated to a facility
where intensive residential substance abuse treatment is available," for all available
benefits of residential drug treatment. Sent. Hrg. Tr., 8/6/04, p. 5, ll. 3-5.

9.      Established by Congress at 18 U.S.C. § 3621(e), the Bureau of Prisons'
(BOP) Residential Drug Abuse Program (RDAP) is meant to reduce recidivism by
treating current Federal inmates for existing alcohol and substance abuse problems.

10.     All RDAP programming is controlled by USDOJ–FBOP Program
Statement (P.S.) 5330.10, *Drug Abuse Programs Manual, Inmate* (CN – 03, October 9,
1997). This, and all other, Program Statements governing life in BOP custody are
available via *http://www.bop.gov/DataSource/execute/dsPolicyLoc*.

11.     RDAP Eligibility requirements are set forth at P.S. 5330.10, § 5.4.1
(Program Procedures), which incorporates and further clarifies 28 C.F.R. § 550.56(a).

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 4*

*See* P.S. 5330.10, Ch. 5, pp. 3-5 (CN–01, May 17, 1996), and directs that the inmate: (1) have a verifiable documented drug problem; (2) have no serious mental impairment precluding full program participation; (3) sign an agreement acknowledging program responsibilities; (4) be within 36 months of release; and (5) participate in a program at a security level-appropriate facility.

12.    The BOP's RDAP includes, for non-violent inmates, the benefits of not just drug treatment, but also six full months of community-based halfway house placement; and up to twelve months reduced from the inmate's sentence. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. Ch. 550; USDOJ–FBOP Program Statement (P.S.) 5330.10, *Drug Abuse Programs Manual – Inmate*, Ch. 5, p. 1 (CN-01, May 17, 1996) (regarding the community transition phase that lasts "up to six months when the inmate is transferred to a community corrections center or to home confinement").

13.    RDAP is based on private and public residential treatment models from across the country, and consists of a nine-month custodial phase in one of the BOP's segregated treatment centers, followed by (usually) six months in community-based, halfway house "transitional services."

14.    During the residential phase, inmates receive individual and group counseling with trained treatment specialists, five to six hours per day, five days per week, for a total of 500 hours, over 9 months. The balance of the day during treatment is spent at job assignments, participating in other programs, or using approved free time.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

*Page 5*

15.    After successfully completing the residential custody phase, the inmate is generally allowed (as Phase Two) the BOP's maximum of six months in a Community Confinement Center (CCC). Only inmates completing RDAP's Phase One, or those with sentences over five years, can expect the full six months in CCC; current Bureau policy otherwise limits such prerelease time to ten percent of total sentence.

16.    At the CCC, facilities traditionally known as a "halfway house," the inmate readjusts from prison to public life through employment and continued counseling; after a time at CCC, the inmate finishes his sentence in home confinement.

17.    Once completing his custodial sentence, the former RDAP inmate then begins supervised release, where the Court's probation officers continue to monitor recovery.

18.    While BOP will admit to its RDAP "violent" offenders[2], inmates whose Presentence Investigation Report ("PSI") indicates firearms possession or an Offense Level enhancement for "dangerous weapons," whether such possession is charged, will be deemed "violent offenders" by the BOP and denied certain programming privileges, to include sentence reductions and community-based transitional services. *See, e.g.,* P.S. 5162.04.

///

---

2     Per the most recent BOP definition.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 6*

19.     As a direct result of the instant firearm possession offense, which the Plea Agreement stipulates is unrelated to the instant marijuana offense at page 3, paragraph 1(C), BOP has precluded Movant from receiving RDAP programming benefits in the form of consideration for sentence reduction.

20.     If the Court intended its sentencing plan to include **all** benefits prescribed under the residential drug treatment statute, 18 U.S.C., § 3621(e), then the Bureau of Prisons' lawful policy frustrates judicial sentencing intent.

21.     Where judicial sentencing intent is frustrated by an Executive agency's explanatory policy statements, the mistake of controlling law and regulation is remediable under 28 U.S.C. § 2255.


## ALLEGATIONS

**Count One**
**Frustration of Sentencing Intent**
**18 U.S.C. §§ 3553**

22.     Movant adopts and incorporates by reference Paragraphs 1 to 22, set forth, *supra*, as if set forth completely herein.

23.     In rendering the instant sentence, the Court expressly recommended the benefits this Defendant-Movant might receive from participating in the BOP's 500-hour Residential Drug Abuse Program.

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 7*

24.    Two of the RDAP's benefits are community-based (halfway house) transitional care and up to one year off total time to serve.

25.    The BOP excludes certain "violent" offenders from the above program benefits, including certain offenders whose sentences were enhanced for firearms.

26.    Movant's sentence was enhanced for firearms possession; Movant was admitted to RDAP and was given some written assurance that he would benefit therefrom, however he has now been excluded from the above RDAP benefits.

27.    Movant's ineligibility for the full benefit of the 500-hour program may frustrate the intent expressed by the Court at and after the sentencing hearing.

28.    Frustrated judicial sentencing intent, where a mistake of law and regulatory policy, is remediable under 28 U.S.C. § 2255.

### RELIEF REQUESTED

**WHEREFORE,** Movant prays this Honorable Court:

1.    Declare and adjudge that BOP's procedures forbid the intent of this sentencing court;

2.    Declare and adjudge that, for its procedures failure to apply this Honorable Court's considered sentencing intent, the BOP defeats actual sentencing intent;

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 8*

3.    Declare and adjudge that such defeated sentencing intent authorizes this Court's correction of sentence;

4.    Grant Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 USC § 2255, that he may be discharged from unconstitutional confinement; and

5.    Grant such other and further relief as may be appropriate.


Respectfully submitted,

Dated:      February 15, 2006

**Local Counsel:**                                        *In Association With:*



_____/S/_____
...By: DAVID McKNIGHT                          HOWARD O. KIEFFER
Baxley, Dillard, Dauphin, McKnight & Barclift      Federal Defense Associates
2008 Third Avenue South                         34 Civic Center Plaza
Birmingham, Alabama 35233                       P.O. Box 206
(205) 271-1100                                  Santa Ana, California 92702-0206
FAX: (205) 271-1108                             (714) 836-6031
*email:* dmcknight@bddmc.com                    FAX: (714) 543-5890
                                                *email:* hkieffer@dcounsel.com


*Attorneys for Defendant/Movant*
*CECIL FREEMONT GIBSON*

CGibson2255MemoMDAL.wpd

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
AND MEMORANDUM OF LAW IN SUPPORT THEREOF

*Page 9*