**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CECIL FREEMONT GIBSON** | ) | |
| | ) | |
| **Defendant/Movant,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 1:06-CV-0145-MHT-CSC** |
| | ) | **(Cr. No. 1:04-CR-0180-MHT)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**UNITED STATES' RESPONSE TO § 2255 MOTION**

COMES NOW the United States of America, by and through its attorney, Leura Garrett Canary, United States Attorney, and, in compliance with this Court's order, responds to Defendant/Movant Cecil Freemont Gibson's ("Gibson's") Motion Under § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody, as follows:

**I. PROCEDURAL HISTORY AND RELEVANT FACTS**

On September 21, 2004, the United States Attorney for the Middle District of Alabama filed an Information against Gibson charging him with possession of marijuana with intent to distribute and with being a felon in possession of a firearm. On October 8, 2004, Gibson pled guilty to both counts. On January 31, 2005, the sentencing court sentenced Gibson to 36 months imprisonment. Included in the sentencing pronouncement was a recommendation that Gibson "be designated to a facility where intensive residential substance abuse treatment is available." Exhibit A (Transcript of Sentencing Hearing), at 5:3-5.

On February 15, 2006,[1] Gibson, through counsel, timely filed this Motion to Vacate, Set Aside or Correct Sentence.  On May 8, 2006, this Court entered an order directing the United States to respond within thirty days.

## II.  CLAIMS RAISED IN THE § 2255 MOTION

In his § 2255 motion, Gibson claims that, because his sentence included the recommendation that he be designated to a facility where intensive residential substance abuse treatment is available, his inability to receive a year off his sentence, pursuant to Federal Bureau of Prisons ("BOP") policy, "may frustrate the intent expressed by the Court at and after the sentencing hearing."  *Def. Mot.,* ¶ 27.

## III.  RESPONSE TO CLAIM FOR RELIEF

**A.     Gibson's Claim Should be Dismissed as It Should Properly Have Been Raised as a Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241**

Gibson's claim, essentially, is that BOP should not have the discretion to deem him ineligible to receive a reduction in his sentence because he was convicted of a firearm-related offense.  Such a claim is more appropriately raised through a habeas corpus petition.  18 U.S.C. § 2241; *see also* Lopez v. Davis, 531 U.S. 230, 236 (2001), Dawson v. Scott, 50 F.3d 884, 886 (11th Cir. 1995); Fristoe v. Thompson, 144 F.3d 627, 629 (10th Cir. 1998), Bellis v. Davis, 186 F.3d 1092, 1093 (8th Cir. 1999). "Section 2255 permits federal prisoners under sentence to move to vacate their sentences only if: (1) 'the sentence was imposed in violation of the Constitution of the United States;' (2) 'the

---

[1] According to the CM/ECF system, Gibson's 2255 motion appears to have been filed on February 17, 2006.  His motion, however, is dated February 15, 2006.  Because the analysis for timeliness is unaffected by this two-day period, the United States will proceed by giving Gibson the benefit of the earlier date when it addresses timeliness of Gibson's motion.

court was without jurisdiction to impose such sentence;' (3) 'the sentence was in excess of the maximum authorized by law;' or (4) the sentence is 'otherwise subject to collateral attack.'" Medberry v. Crosby, 351 F.3d 1049, 1058-59 (11th Cir. 2003). Errors in sentences which are "otherwise subject to collateral attack" include only those involving a "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962); see also Lilly v. United States, 792 F.2d 1541, 1544 (11th Cir. 1986), David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). Because Gibson's claim fits in neither of the four categories listed in Section 2255, it should be dismissed. Gibson's appropriate means of redress, if any, on the issue complained of, is by way of a Section 2241 habeas corpus petition.

**B.    Gibson's Claim is Procedurally Defaulted Because It Was Not Timely Filed.**

Should this Court find that Gibson may challenge the BOP policy by way of a 28 U.S.C. § 2255 motion, he has not filed this motion in a timely manner under paragraph six of 28 U.S.C. § 2255, which provides a one-year period of time to seek relief under the rule. Section 2255 states that a motion be filed within one year from

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6.

The judgment against Gibson was imposed on January 31, 2005. He did not appeal his conviction or sentence to the Eleventh Circuit Court of Appeals. His sentence became final when the time for filing an appeal to the Eleventh Circuit expired. Although not specifically addressing the application of the statute of limitations to the 10-day notice of appeal requirement, the Eleventh Circuit has held that a judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. See Kaufman v. United States, 282 F.3d 1336, 1337-39 (11th Cir.2002). Likewise, a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires. Gibson had ten days from the January 31, 2005 entry of judgment by this Court to seek review by the Eleventh Circuit; his judgment of sentence, therefore, became final on February 10, 2005. Therefore, under § 2255, Gibson had until February 10, 2006, to file his motion. He filed this motion as early as February 15, 2006, five days after the § 2255 limitations period expired on February 10, 2006. It is, therefore, untimely under the limitations period in § 2255 ¶ 6(1).

**C.    Gibson's Claim is Without Merit.**

Assuming, *arguendo*, Gibson's motion was timely filed, his claim is without merit. First, the record of sentencing is void of anything other than a recommendation by the sentencing court that Gibson be designated to a facility where intensive residential substance abuse treatment is available. There is nothing in the record which indicates it was the sentencing court's intent for Gibson to receive any reduction in sentence for completion of that program.

Second, BOP has the discretion, under 18 U.S.C. § 3621(e)(2)(B), to deny early release to prisoners whose conviction involved the use of a firearm. Lopez, 531 U.S. at 244. Because Gibson was convicted of being a felon in possession of a firearm which was found during a search for, and

seizure of, evidence of a drug crime, the policy disallowing a reduction in sentence for Gibson, is likewise within BOP's discretion.  Id.

## IV.  A HEARING IS NOT NECESSARY IN THIS MATTER

Gibson has not pleaded facts or presented sufficient evidence or argument which, if true, show that he is entitled to an evidentiary hearing, and his claims for relief should be denied without an evidentiary hearing.  See Blacklidge v. Allison, 431 U.S. 63, 73-74 (1977); Tejada v. Dugger, 941 U.S. 1551, 1559 (11th Cir. 1991); United States v. Laetividal-Gonzalez, 939 F. 2d 1455, 1465 (11th Cir. 1991).  Should this Court determine that Gibson has made any arguments not addressed in this response, the United States requests the opportunity to further respond to those arguments.

## V.  CONCLUSION

For the above reasons, Gibson has failed to demonstrate that he is entitled to any relief from this Court, thus, the United States respectfully requests his § 2255 motion be denied without an evidentiary hearing.

Respectfully submitted this 6th day of June, 2006.

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
todd.brown@usdoj.gov

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CECIL FREEMONT GIBSON** | **)** | |
| | **)** | |
| **Defendant/Movant,** | **)** | |
| | **)** | |
| **vs.** | **)** | **CASE NO. 1:06-CV-0145-MHT-CSC** |
| | **)** | **(Cr. No. 1:04-CR-0180-MHT)** |
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Respondent.** | **)** | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, providing notice to Stewart D. McKnight, III , Esq., counsel for

Gibson.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
todd.brown@usdoj.gov