```
 1                IN THE UNITED STATES DISTRICT COURT
                                 FOR
 2                   THE MIDDLE DISTRICT OF ALABAMA

 3

 4

 5   THE UNITED STATES
        OF AMERICA
 6
            vs.                          CRIMINAL ACTION NO.
 7                                       1:04-CR-180
     CECIL FREEMONT GIBSON, III
 8

 9

10

11

12

13

14

15
                       SENTENCING PROCEEDINGS
16

17

18

19              *  *  *  *  *  *  *  *  *

20

21   BEFORE:       The Hon. Myron H. Thompson

22   HEARD AT:    Montgomery, Alabama

23   HEARD ON:    January 31, 2005

24   APPEARANCES: Louis Franklin, Esq.

25                Steward D. McNight, III, Esq.
```

MITCHELL P. REISNER, CM, CRR - (334) 265-2500
Official U. S. District Court Reporter
TOTAL COMPUTERIZED LITIGATION SUPPORT & INSTANT TRA[N]

GOVERNMENT EXHIBIT A

```
 1  WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HEARD BEFORE
    THE HON. MYRON H. THOMPSON ON JANUARY 31, 2005 AT THE
 2  UNITED STATES COURTHOUSE IN MONTGOMERY, ALABAMA:

 3

 4           THE COURT:  The Court calls the case of

 5  United States of America vs. Cecil Freemont Gibson,

 6  III, criminal action number 1:04-C R-1680-T.

 7           MR. McKNIGHT:  Your Honor, I'm David

 8  McKnight representing Mr. Gibson.

 9           THE COURT:  Right.

10           Now, Mr. Gibson, have you and your attorney

11  reviewed the presentence report, including any

12  revisions that may have been made after the initial

13  disclosure?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  Now was there a plea agreement

16  in this case?

17           MR. FRANKLIN:  Yes, Your Honor.

18           THE COURT:  Would you state the plea

19  agreement.

20           MR. FRANKLIN:  Your Honor, in exchange for

21  Mr. Gibson's plea of guilty and his substantial

22  assistance to the Government, the United States and

23  the defendant entered into a plea agreement whereupon

24  we recommend that the sentence to be imposed on the

25  defendant be a term of thirty-six months in prison.
```

```
 1              THE COURT:  Three years.
 2              MR. FRANKLIN:  That's correct.
 3              THE COURT:  Now the defendant has filed an
 4   objection to the presentence report, I believe to the
 5   aspect of the report that allows for relevant conduct.
 6   However the Government has also filed a motion for a
 7   downward departure based on assistance, is that
 8   correct?
 9              MR. FRANKLIN:  That's correct, Your Honor.
10              THE COURT:  Which puts him back at three
11   years.  So is this issue now moot?
12              MR. McKNIGHT:  Yes, sir, Your Honor, we
13   withdraw our objections to the presentence report.
14              THE COURT:  Very good.  The Government's
15   motion is the granted.
16              MR. FRANKLIN:  Thank you, Your Honor.
17              THE COURT:  So I assume, then, that everyone
18   agrees to three years, is that right?
19              MR. FRANKLIN:  Yes, sir.
20              MR. McKNIGHT:  Yes, sir Your Honor.
21              THE COURT:  Now, does Probation go along
22   with this sentencing agreement?
23              THE PROBATION OFFICER:  Yes, sir, we do.
24              THE COURT:  Okay.  The Court will now
25   announce the proposed sentence.  I'll give you another
```

```
 1  opportunity to make any further comments before I
 2  decide whether to impose the sentence as announced.
 3          The Court finds that the offense level is
 4  twenty-five, the criminal history category is one, the
 5  guideline range is from fifty-seven to seventy-one
 6  months, the supervised release period is from two to
 7  three years and the fine range is from ten thousand to
 8  one hundred thousand dollars.
 9          The Court further finds the Government's
10  motion for downward departure pursuant to guideline
11  5K1.1 based on the defendant's substantial assistance
12  to the Government should be granted, and is granted.
13  The Court finds that the offense level is reduced to
14  level twenty which, when combined with criminal
15  history category of one, creates a guideline range of
16  thirty-three to forty-one months.
17          Accordingly, the Court having considered and
18  consulted as advisory the sentencing guidelines, and
19  in particular the guideline range for this particular
20  case and the Court having applied the sentencing
21  factors in Title XVIII United States Code, Section
22  3553(a), it is ordered that the defendant, Cecil
23  Freemont Gibson, III is committed to the custody of
24  the Federal Bureau of Prisons to be imprisoned for a
25  total term of thirty-six months. The term consists of
```

```
 1   terms of thirty-six months on each count to be served
 2   concurrently.
 3           The Court recommends that the defendant be
 4   designated to a facility where intensive residential
 5   substance abuse treatment is available.
 6           The defendant shall pay to the United States
 7   District Court Clerk a special assessment fee of two
 8   hundred dollars.  The fee is due immediately.
 9   Furthermore, because of his inability to pay, the
10   Court waives the imposition of a fine.
11           The Court finds there is no identifiable
12   victim who incurred a financial loss as a result of
13   this offense.
14           It is further ordered that upon release from
15   imprisonment the defendant shall be placed on
16   supervised release for a term of three years.  This
17   term consists of three years on each count, to run
18   concurrently.  Within seventy-two hours of release
19   from custody the defendant shall report to the
20   probation office in the district to which he is
21   released.
22           It is further ordered that while on
23   supervised release the defendant shall comply with the
24   mandatory and standard conditions of supervised
25   release on file with the Court.
```

```
 1            The Court also orders the following special
 2   conditions.  The defendant shall cooperate in the
 3   collection of D N A as directed by his supervising
 4   probation officer.
 5            The defendant shall participate in drug
 6   testing and treatment as directed by his probation
 7   officer.  The defendant shall contribute to the cost
 8   of any treatment based on his ability to pay and the
 9   availability of third party payments.
10            The defendant shall submit to a search of
11   his person, residence, office and vehicle pursuant to
12   the search policy of this Court.
13            It is further ordered that the defendant
14   shall surrender at the institution designated by the
15   Federal Bureau of Prisons on or before two p.m. on
16   March 17, 2005.
17            Now I ask you at this time, are there any
18   objections to the sentence imposed or to the manner in
19   which the Court pronounced it other than those
20   objections previously stated for the record?  For
21   example, do you have any objection to the Court's
22   ultimate findings of fact or conclusions of law?
23   Furthermore, you are instructed that if you have an
24   objection you must not only state the objection, you
25   must give the grounds for the objection.
```

```
 1             MR. McKNIGHT:  Defendant has no objections,
 2   Your Honor.
 3             THE COURT:  Do you have anything to say as
 4   to why the sentence as announced should not be
 5   imposed, or do you have anything to say in mitigation
 6   of the sentence?
 7             THE DEFENDANT:  No, sir.
 8             THE COURT:  It is the order, judgment and
 9   decree of the Court that the sentence as announced is
10   hereby imposed.
11             Now to the extent that you still have a
12   right to appeal, Mr. Gibson, you have ten days to file
13   any notice of appeal.  If you cannot afford the cost
14   of an appeal, the Court will allow you to appeal at no
15   cost, including furnishing with a free transcript and
16   a free attorney.
17             Now the Court finds after considering all
18   available evidence that the defendant is not likely to
19   flee or pose a danger to the safety of any other
20   person or the community if released pending voluntary
21   surrender.  It is therefore ordered that the
22   defendant, Cecil Freemont Gibson, III be released
23   under the same conditions imposed by the United States
24   magistrate judge on October 8, 2004.
25             Now I understand you're totally disabled, is
```

```
 1  that correct?
 2          THE DEFENDANT:  Yes, sir.
 3          THE COURT:  Is it the veterans bureau that
 4  you're getting the disability from?
 5          THE DEFENDANT:  Yes, sir.
 6          THE COURT:  I'm going to make a
 7  recommendation on the record that your benefits not be
 8  terminated, and you can notify the veterans bureau
 9  that they not be terminated under this condition:  The
10  benefits are totally for your son, Bud.  That's it.
11          Anything else?
12          MR. McKNIGHT:  Thank you, Judge.
13
14
15
16
17
18
19
20
21
22                  * * * * * * * * *
23
24
25
```

```
 1
 2              COURT REPORTER'S CERTIFICATE
 3
 4       I certify that the foregoing is a correct
 5  transcript from the record of proceedings in the
 6  above-entitled matter as prepared by me to the best of
 7  my ability.
 8
 9       I further certify that I am not related to
10  any of the parties hereto, nor their counsel, and I
11  have no interest in the outcome of said cause.
12
13           Dated this 20th day of June 2005.
14
15
                 MITCHELL  P.  REISNER, CM, CRR,
16               Official US Dist. Court Reporter
                 Registered Professional Reporter
17               Certified   Real-Time   Reporter
18
19
20
21
22
23
24
25
```

MITCHELL P. REISNER, CM, CRR - (334) 265-2500
Official U. S. District Court Reporter
TOTAL COMPUTERIZED LITIGATION SUPPORT & INSTANT TRANSLATION