IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 1:06cv145-MHT |
| | ) | |
| CECIL FREEMONT GIBSON, III | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 3) addressing the matters presented by the movant, Cecil Freemont Gibson III, in his self-styled "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255." In its response, the government argues that, based on the nature of the relief sought by Gibson, his pleading should be construed as a 28 U.S.C. § 2241 petition for writ of habeas corpus. The government further argues that Gibson's specific claim – that the sentencing court's intent has been frustrated by the Federal Bureau of Prisons' policy precluding his early release for completing a drug rehabilitation program because he committed a firearm offense – fails to implicate any constitutional right and, consequently, his petition is due to be dismissed. *See Lopez v. Davis*, 531 U.S. 230 (2001). In addition, the government argues that there is nothing in the record that indicates it was the sentencing court's intent for Gibson to receive a sentence reduction upon completing any drug rehabilitation program. The government further argues that if Gibson's pleading is construed as a motion for relief under 28 U.S.C. § 2255, the motion was filed more than a year after Gibson's convection became final and thus is time-barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255.

Accordingly, it is

ORDERED that **on or before July 5, 2006**, Gibson may file a reply to the response filed by the government. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after June 28, 2006, the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." *See, e.g.*, Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Gibson is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Gibson is entitled to relief on the grounds presented in his motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Gibson attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. Gibson is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending motion.

Done this 12th day of June, 2006.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE