IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CECIL FREEMONT GIBSON, ) | |
| ) | |
| Movant, ) | CASE NO.: 1:06-CV-0145-MHT-CSC |
| ) | |
| v. ) | (Cr. No. 1:04-CR-0180-MHT) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255**

COMES NOW, Movant, **CECIL FREEMONT GIBSON**, Register Number 11535-002, by and through undersigned counsel, and respectfully replies to "United States' Response to § 2255 Motion." In support thereof, Movant states as follows:

**I.   Movant Gibson's Claim is Properly Raised Pursuant to 28 U.S.C. § 2255**

The United States argues that Mr. Gibson's "claim is more appropriately raised through a habeas corpus petition. 18 U.S.C. § 2241; *see also Lopez v. Davis*, 531 U.S. 230, 236 (2001) [discussing "the Bureau's asserted discretion," without addressing sentencing intent or legality of sentencing process], *Dawson v. Scott*, 50 F.3d 884, 886 (11th Cir. 1995) [seeking "credit

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

*Page 1*

against his sentence" under §2241, not challenging sentencing intent]; *Fristoe v. Thompson*, 144 F.3d 627, 629 (10th Cir. 1998) [deciding nothing about sentencing intent, but rather challenging BOP's discretion to classify offenses], *Bellis v. Davis*, 186 F.3d 1092, 1093 (8th Cir. 1999) [also challenging BOP's classification discretion, without addressing sentencing intent]."

The Government recognizes, however, that "[e]rrors in sentences which are 'otherwise subject to collateral attack' include . . . those involving a 'fundamental defect which inherently results in a complete miscarriage of justice.' *Hill v. United States*, 368 U.S. 424, 428 (1962) ["The courts which tried the defendants . . . committed an error of law"]; *see also Lilly v. United States*, 792 F.2d 1541, 1544 (11th Cir. 1986) [allowing "collateral relief under section 2255" where legal defect "result[s] in a miscarriage of justice **or a proceeding inconsistent with the rudimentary demands of fair procedure** [bold emphasis added]."], *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998) ["[A]part from claims of constitutional or jurisdictional nature, a cognizable section 2255 claim must reveal 'exceptional circumstances' that make the need for redress evident."]."

Where judicial sentencing intent is frustrated by an Executive agency's explanatory policy statements, the mistake of controlling law and regulation is such a "fundamental defect" that is "inconsistent with the rudimentary demands of fair procedure."  Such rudimentary defects that incorrectly inform sentencing intent undermine fair procedure, and so stand remediable under 28 U.S.C. § 2255.  See Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32,110 Stat. 1214 (1996); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (collateral challenge proper where "prisoner was sentenced on the

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Page 2

basis of assumptions . . . which were materially untrue"); *United States v. Dean*, 752 F.2d 535, 544 (11th Cir. 1985) (citing *Tucker*: "Those cases do indeed stand for the proposition that a sentencing court cannot rely on 'false assumptions' without violating the due process clause."); 18 U.S.C. § 3553(a) (enumerating sentencing court's considerations when creating a sentencing plan "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.").

Mr. Gibson does not challenge conditions of his confinement, as would be appropriately raised in a Motion pursuant to 28 U.S.C. § 2241. Rather, Movant is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." Violation of constitutional Due Process protections requires this action to lie under § 2255, rather than § 2241.

While entitled to participate in the BOP's RDAP – a program he will complete in about mid-July 2006 – Mr. Gibson respectfully submits the Court's sentencing recommendation ostensibly included the assumption (which we now suspect was legally errant) that he would also qualify for all programming benefits attendant to successful RDAP participation. These benefits include not just the nine-month custodial phase and six months of halfway house transitional care, but also eligibility for up to one year reduced from his sentence. See 18 U.S.C. § 3621(e)(2)(b).

Mr. Gibson understands this Court holds no authority to force the BOP's discretion, and that it can only recommend RDAP participation and its full benefits. Accordingly, he does

**MOVANT'S REPLY TO UNITED STATES' RESPONSE**
**TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Page 3

not attempt to seek such non-existent relief, but rather challenges whether the Court's ostensibly errant assumptions about RDAP's benefits affected its sentencing plan and, therefore, undermined Movant's fair sentencing procedures.  A sentencing court's reliance on legally errant assumptions violates Movant's rights to Due Process, because such sentence rendered would violate the Constitution and laws of the United States.  No relief therefore lies for Mr. Gibson under 28 U.S.C. § 2241.  Rather, original relief in this Court is proper pursuant to 28 U.S.C. § 2255.

## II. Mr. Gibson's Appropriate Motion under 28 U.S.C. § 2255 was Timely Filed

The instant sentence was rendered on January 31, 2005, in the District Court of the United States for the Middle District of Alabama (Hon. Myron H. Thompson, U.S.D.J., presiding).  As demonstrated by this Honorable Court's CM/ECF system, however, that same judgment (denoted as Document 33 within the Criminal Docket for Case No. 1:04-CR-00180-MHT-CSC-1) was not **entered** – that is, it did not become **final and appealable** – until February 7, 2005.  This date, February 7, is the date from which the Eleventh Circuit Court of Appeals begins counting the ten days within which to perfect a Notice of Appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(I).  After those ten days accrue, then – February 17, 2005 – the AEDPA begins counting its one-year limitation period for Motions under 28 U.S.C. § 2255.

As the Government correctly notes, Eleventh Circuit doctrine holds that a judgment of conviction becomes final for an unsuccessful appellant when the time for seeking certiorari review in the Supreme Court expires.  *See Kaufman v. United States,* 282 F.3d 1336, 1337-39 (11th Cir. 2002).  This principle applies equally in the contexts governing post-conviction

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

*Page 4*

motions. *See* Rules Governing §2255 Proceedings, Rule 3(c) (amd. 2004); *accord Clay v. United States*, 537 U.S. 522, 526 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, **§ 2255's one-year limitation period starts to run when the time for seeking such review expires** [emphasis added]."); *Dodd v. United States*, 125 S.Ct. 2478, 2480 (2005).  Likewise, and as the United States concedes at page 4 of its Response, "a judgment of conviction becomes final for someone who does not appeal when the time for seeking that appeal expires."  That finality depends <u>not</u> on the date of a sentencing hearing, but rather <u>upon the date a court clerk enters sentencing judgment</u> – currently styled the Judgment in a Criminal Case – into the record. *See* Fed. R. Crim. Pro., Rule 32(k)(1) ("The judge must sign the judgment, **and the clerk must enter it** [bold emphasis added]."); *accord* Fed. R. Civ. Pro. 54(b) (regarding matters or parties decided with only partial judgments: "the court **may direct the entry of a final judgment** as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay **and upon an express direction for the entry of judgment** [bold emphasis added].").

In *Clay*, Justice Ginsburg spoke for a Supreme Court (without dissent) about a defendant who, having lost direct appeal, chose not to petition the Supreme Court for *certiorari*.  One might be initially tempted to distinguish *Clay* from other procedural patterns, such as the decision to forego appeal.  Such distinction would ignore the *Clay* Court's undisputed statement that judgment is not final until the time to challenge said judgment has passed, though.  Such distinction would also ignore that, when overruling the Seventh Circuit

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Page 5

in favor of six other Courts of Appeals, the 2003 *Clay* Court also upheld, with citation, the Eleventh Circuit's *Kaufman* Panel. *See Clay,* 537 U.S. at 526, FN1.

This action involves a Movant who chose, on the tenth day after **final and appealable entry** of judgment (February 7, 2005), not to file a Notice of Appeal. He made that choice because no appellate issues existed; his claims all stemmed from a possible – and understandable – mistake of law by the sentencing court that became clear only after the time for technical corrections and appeals had accrued. We here seek redress of a mistake of law, and thus an unlawful sentence; Motion pursuant to 28 U.S.C. § 2255 is therefore the appropriate vehicle for relief, not motion under § 2241, and the instant Motion was timely filed.

### III.  Mr. Gibson's Claim has Merit, and Deserves a Decision on Those Merits after Hearing

In rendering the instant sentence, the Court expressly recommended the benefits Mr. Gibson might receive from participating in the BOP's 500-hour Residential Drug Abuse Program, by including the statement "that the defendant be designated to a facility where intensive residential substance abuse treatment is available." Sent. Hrg. Tr., 8/6/04, p. 5, ll. 3-5. The BOP's RDAP includes, for non-violent inmates, the benefits of not just drug treatment, but also six full months of community-based halfway house placement; and up to twelve months reduced from the inmate's sentence. *See* 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. Ch. 550; USDOJ–FBOP Program Statement (P.S.) 5330.10, *Drug Abuse Programs Manual – Inmate*, Ch. 5, p. 1 (CN-01, May 17, 1996) (regarding the community transition phase that lasts

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

*Page 6*

"up to six months when the inmate is transferred to a community corrections center or to home confinement").

The BOP will admit to its RDAP "violent" offenders, including Movant. Inmates whose Presentence Investigation Report ("PSI") indicates firearms possession or an Offense Level enhancement for "dangerous weapons," however, whether such possession is charged, will be deemed "violent offenders" by the BOP and denied certain programming benefits. One such programming benefit includes sentence reductions and community-based transitional services. *See, e.g.*, P.S. 5162.04. The BOP therefore excludes certain "violent" offenders from the above program options, including those offenders whose sentences were enhanced for firearms.

Two of the RDAP's benefits are community-based (halfway house) transitional care and up to one year off total time to serve. BOP indeed possesses discretion, under 18 U.S.C. § 3621(e)(2)(B), to deny early release to prisoners whose conviction involved the use of a firearm. *See Lopez*, 531 U.S. at 244. This is not the issue before bar, however. This Court is asked whether **its** intent at sentencing included consideration for **all** drug treatment programming benefits, not whether BOP possesses discretion to deny benefits long after sentence is rendered and, *subsequently*, entered into the record.

Mr. Gibson's sentence was enhanced for firearms possession. As a direct result of the instant firearm possession offense, which the Plea Agreement stipulates is unrelated to the instant marijuana offense at page 3, paragraph 1(c), BOP has precluded Movant from receiving RDAP programming benefits seemingly recommended by this Court. If the Court intended its sentencing plan to include **all** benefits prescribed under the residential drug treatment statute,

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

*Page 7*

18 U.S.C., § 3621(e), then the Bureau of Prisons' lawful policy frustrates instant judicial sentencing intent. It is absurd that the sentencing Court contemplated that a firearms enhancement, for sentencing guideline purposes, would equate with violence - when no evidence of such exists.

While the United States counters these claims by insisting there is nothing in the record to indicate the Court's intent for Gibson to receive any reduction in sentence for RDAP completion, there is also nothing in the record to indicate this Honorable Court intended Mr. Gibson to receive other specific RDAP programming elements like six months of CCC placement, or like RDAP-specific aftercare during Supervised Release. The Court's failure to enumerate each programming benefit of the BOP's RDAP does not reflect its specific intent, then, but rather seems to show a general recommendation for RDAP programming – with all benefits – as opposed to omission of a drug treatment element from the overall sentencing plan.

Mr. Gibson has pleaded facts and presented sufficient evidence and argument which, if true, show that he is entitled to an evidentiary hearing. See 28 U.S.C. § 2255. His claims for relief thus merit decision, and also – in this Honorable Court's discretion – an evidentiary hearing. *See Blacklidge v. Allison*, 431 U.S. 63, 73 (1977) ["Because the record of the plea hearing did not, in view of the allegations made, ' "conclusively show that the prisoner (was) entitled to no relief," ' 28 U.S.C. s. 2255, the Court ruled that the prisoner should be given an evidentiary hearing."]; *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ["A petitioner is entitled to an evidentiary hearing if he alleges facts which, if true, would warrant habeas relief."].

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Page 8

### IV.     Conclusion

Mr. Gibson's claim is properly raised pursuant to 28 U.S.C. § 2255. His appropriate Motion under 28 U.S.C. § 2255 was timely filed, *even if* deemed filed on February 17, 2006. The Court's failure to enumerate each programming benefit of the BOP's RDAP does not reflect specific intent, but rather seems to show a general recommendation for RDAP programming – with all benefits – as opposed to omission of a drug treatment element from the general sentencing plan. Mr. Gibson has pleaded facts and presented sufficient evidence and argument which, if true, show that he is entitled to an evidentiary hearing. Wherefore, Movant Gibson prays a hearing in this matter; a decision on the merits; and all appropriate relief empowered to the Court under 28 U.S.C. § 2255.

Respectfully submitted,

Dated:     July 3, 2006

**Local Counsel:**                                                 *In Association With:*

____/S/_____                        ____/S/_____
...By: DAVID McKNIGHT                                      HOWARD O. KIEFFER
Baxley, Dillard, Dauphin, McKnight & Barclift    Federal Defense Associates
2008 Third Avenue South                                   34 Civic Center Plaza
Birmingham, Alabama 35233                           P.O. Box 206
(205) 271-1100                                                    Santa Ana, California 92702-0206
FAX: (205) 271-1108                                          (714) 836-6031
*email:* dmcknight@bddmc.com                      FAX: (714) 543-5890
                                                                              *email:* hkieffer@dcounsel.com

*Attorneys for Movant*
*CECIL FREEMONT GIBSON*

CGibson2255ReplyMDAL.wpd

**MOVANT'S REPLY TO UNITED STATES' RESPONSE
TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

*Page 9*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CECIL FREEMONT GIBSON, ) | |
| ) | |
| Movant, ) | CASE NO.: 1:06-CV-0145-MHT-CSC |
| ) | |
| v. ) | (Cr. No. 1:04-CR-0180-MHT) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, providing notice to Assistant United States Attorney, Todd A. Brown, counsel for the United States.

Respectfully submitted,

.   _____/S/_____
..By: DAVID McKNIGHT
Baxley, Dillard, Dauphin, McKnight & Barclift
2008 Third Avenue South
Birmingham, Alabama 35233
(205) 271-1100
FAX: (205) 271-1108
*email:* dmcknight@bddmc.com