IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | Civil Action No. 1:06cv145-MHT |
| | ) | (WO) |
| CECIL FREEMONT GIBSON III | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This matter is before the court on a motion by federal inmate Cecil Freemont Gibson III ("Gibson") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On October 8, 2004, pursuant to a plea agreement, Gibson pled guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On January 31, 2005, the court sentenced Gibson to a total term of 36 months' imprisonment and recommended that the Bureau of Prisons ("BOP") place Gibson in a facility with intensive residential substance abuse treatment. Judgment was entered on February 7, 2005. Gibson did not file a direct appeal.

After beginning his sentence, Gibson was admitted to the BOP's Residential Drug Abuse Program ("RDAP"). Section 3621(e)(2)(B) of Title 18 grants the BOP discretion to reduce by up to one year the sentence of a prisoner who successfully completes the RDAP, but makes that reduction available only to "a prisoner convicted of a nonviolent offense."

Based on Gibson's firearm offense, the BOP deemed him to be a "violent offender," excluding him from eligibility for early release upon completion of the RDAP.[1]

On February 17, 2006, Gibson, through counsel, filed this motion under 28 U.S.C. § 2255, claiming that the district court should correct his sentence because, at the time of his sentencing, the court was under the mistaken impression that he would be eligible for early release upon successful completion of the RDAP. (Doc. No. 1.) The government has responded to Gibson's motion, asserting that his claim fails to implicate any constitutional right and that his motion should therefore be dismissed. (Doc. No. 3.) In addition, the government argues that Gibson is not entitled to § 2255 relief because there is nothing in the record to indicate that the sentencing court intended for Gibson to receive an early release upon completing the RDAP.[2] (*Id.*) Gibson was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 5.)

After due consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the court concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255*

---

[1] Through a regulation and program statement, the BOP has interpreted "nonviolent offense" as used in § 3621(e)(2)(B) to exclude the 18 U.S.C. § 922(g) crime of being a felon in possession of a firearm. *See Cook v. Wiley*, 208 F.3d 1314, 1316 (11th Cir. 2000); *see also* 28 C.F.R. § 550.58; BOP Program Statement 5162.02.

[2] The government also asserts that Gibson's motion is time-barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. § 2255. The government's argument in this regard is based on the assumption that the district court's judgment was entered on January 31, 2005. However, the record indicates that the court's judgment was entered on February 7, 2005, making Gibson's motion timely under § 2255 ¶6(1).

*Proceedings in the United States District Courts*, the motion should be denied.

## II. DISCUSSION

Gibson contends that, at the time of his sentencing, the district court was under the mistaken impression that he would be eligible for early release upon his successful completion of the BOP-administered RDAP. He argues that because the BOP subsequently informed him that, due to his classification as a "violent offender," he was not eligible for early release upon completion of that program, the court should correct his sentence because of its apparent misunderstanding concerning BOP regulations relating to the RDAP.[3] (Doc. No. 1 at 7-9; Doc. No. 5 at 2-3.) Gibson maintains that because the court relied on "legally errant assumptions" of a constitutional magnitude when it imposed his sentence, he is entitled to relief from that sentence under 28 U.S.C. § 2255.[4] (Doc. No. 5 at 4.)

Gibson's claim lacks merit. In the relevant portion of the sentencing transcript, the district court only "recommends that the defendant be designated to a facility where intensive residential substance abuse treatment is available." *See Sentence Hearing* at 5. There is no indication here or in any other portion of the record that the court based the

---

[3] Gibson did not file a direct appeal and thus presents this claim for the first time in the instant motion. However, the government has not asserted Gibson's failure to present this claim on appeal as a procedural bar to its consideration in a § 2255 action. Thus, this court will consider the merits of Gibson's claim.

[4] Gibson insists that, by his motion, he is attacking a sentencing error by the court that violated his due process rights and that he is *not* challenging the conditions of his confinement or any ruling by which the BOP exercised its discretion with regard to his eligibility for early release. (Doc. No. 1 at 1-2; Doc. No. 5 at 1-6.) Consequently, he maintains that relief is proper pursuant to 28 U.S.C. § 2255 and not through a petition for writ of habeas corpus under 28 U.S.C. § 2241.

sentence it imposed on its understanding that any of the following were certain to occur: (1) Gibson would be accepted into the RDAP; (2) he would successfully complete that program; and (3) the BOP would thereby reduce his sentence based upon his completion of the program. There is in fact no mention by the court of the possibility that Gibson would be eligible for early release were he to complete the RDAP. Nor is there the slightest suggestion that the court based the length – or any other aspect – of Gibson's sentence on its expectation (mistaken or otherwise) that Gibson would be eligible for early release upon his completion of the RDAP.[5] The court merely recommended that Gibson be allowed to participate in that program; a potential reduction in his prison term should he complete the program was neither guaranteed nor a condition of his sentence.[6]

Because this court did not base Gibson's sentence, in any way, on an assumption the he would be accepted into the RDAP or that he would be granted early release by the BOP upon successfully completing that program, Gibson is entitled to no relief based on his

---

[5]This court is and at the time of sentencing Gibson in 2005 was well aware that the ultimate decision as to whether an inmate will be accepted into the RDAP *and* granted early release upon successful completion of that program rests with the BOP. *See, e.g.,* 18 U.S.C. § 3621(e)(2)(B); *Lopez v. Davis*, 531 U.S. 230 (2001) (BOP has discretion under statutes to promulgate regulation categorically denying early release to prisoners whose felonies involve the use of a firearm).

[6]This court notes that in *United States v. Addonizio*, 442 U.S. 178 (1979), the Supreme Court held that a party may not properly bring an action pursuant to 28 U.S.C. § 2255 if the claimed sentencing error was "based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge." 442 U.S. at 187. *See also United States v. Dean*, 752 F.2d 535, 543-45 (11th Cir. 1985). Gibson fails to establish any "objectively ascertainable error" in his sentence.

claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Gibson be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 23, 2007**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 10th day of May, 2007.

      /s/Charles S. Coody
      CHARLES S. COODY
      CHIEF UNITED STATES MAGISTRATE JUDGE