IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CECIL FREEMONT GIBSON, ) | |
| ) | |
| Movant, ) | CASE NO.: 1:06-CV-0145-MHT-CSC |
| ) | |
| v. ) | (Cr. No. 1:04-CR-0180-MHT) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**DEFENDANT/MOVANT'S OBJECTIONS TO REPORT
AND RECOMMENDATION (28 U.S.C. § 2255)**

**COMES NOW,** Movant, **CECIL FREEMONT GIBSON**, Register Number 11535-002, by and through undersigned counsel, and respectfully submits these Objections to Report and Recommendation. Defendant/Movant reiterates his original Motion and Reply in this matter, and incorporates both as if fully set forth herein, and states as follows in support of his Objections:

First, we respectfully submit an evidentiary hearing in this matter is both proper and necessary to determine the bounds and benefits of the Bureau of Prisons' ("BOP") intensive drug treatment program – the Residential Drug Abuse

Program ("RDAP") – to which the District Court recommended Movant, and also to determine the District Court's sentencing and recommendation intentions. For example, as demonstrated by the true copy of the "Residential Drug Abuse Program Notice to Inmate" (Form BP-S761.055) annexed hereafter as Movant's Exhibit A, the parameters and potential benefits to RDAP participation are part and parcel to successful intensive drug treatment within the BOP.

We understand the Court lacks discretion to order RDAP participation, or to order the BOP to deem Movant's RDAP participation successful, or to order any other express outcome properly within the BOP's discretion. The District Court did not order any of these outcomes, though, but rather graced Movant with a placement recommendation that *enabled* these outcomes, based upon his own conduct and rational BOP decision-making. Movant does not allege the Sentencing Court specifically intended early release with its recommendation and sentence, unlike the parole recalculations at issue in *United States v. Addonizio*, 442 U.S. 178 (1979). Rather, Movant respectfully submits the Sentencing Court, as noted in the Report and Recommendation (at 4), "recommended that Gibson be allowed to participate in that program."

"Participation" necessarily includes all rights and responsibilities of the RDAP, including all benefits and burdens authorized by Congress, and nothing less. The crux of Movant's argument is not that the Sentencing Court failed to

predict future outcomes, but that the Sentencing Court – as part of its own, appropriate discretion – ordered the opportunity for those outcomes, the full benefit of the BOP's RDAP. Again, the Court's failure to enumerate each programming benefit of the BOP's RDAP does not reflect its specific intent or order regarding the BOP's discretion, but rather demonstrates a general recommendation for RDAP programming – with all benefits – as opposed to omission of a drug treatment element from the overall sentencing plan. As Movant was per se excluded from some elements of RDAP "participation," we respectfully submit, his opportunities were not appropriately considered at sentencing. As such, a Due Process violation of constitutional magnitude seems to have occurred in the instant sentencing, and merits the District Court's consideration after a full hearing.

Respectfully submitted,

Dated:	May 22, 2007

**Local Counsel:**	*In Association With:*

_____/S/  David McKnight_____	_____/S/   Howard O. Kieffer_____
...By: DAVID McKNIGHT	HOWARD O. KIEFFER
Baxley, Dillard, Dauphin, McKnight & Barclift	Federal Defense Associates
2008 Third Avenue South	34 Civic Center Plaza
Birmingham, Alabama 35233	P.O. Box 206
(205) 271-1100	Santa Ana, California 92702-0206
FAX: (205) 271-1108	(714) 836-6031
email: dmcknight@bddmc.com	FAX: (714) 543-5890
	email: hkieffer@dcounsel.com

*Attorneys for Movant*
*CECIL FREEMONT GIBSON*

CGibson2255ObjR&RMDAL.wpd

BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE** CDFRM
JAN 04
**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

| To | GIBSON, CECIL FREEMONT III | Reg No. | 11535-002 |
|---|---|---|---|
| From | J. DODD, PH.D. | Institution | FCI FORREST CITY - LOW |
| Title | DAP COORDINATOR | Date | 09/01/05 |

### SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you ( **X DO** _DO NOT) meet the admission's criteria for the Residential Drug Abuse Program. It appears that you ( **X** DO _DO NOT) qualify to participate in the Residential Program. State the reason(s) below.

Comments  Outside documentation of Counseling Services of Dothan (AL), indicated that Inmate Gibson had been treated between 01/2002 and 05/2004 for combat-related PTSD (100% service connected), and indicated that he reported periods of alcohol and drug abuse. This documentation is sufficient to substantiate a substance abuse diagnosis.

### SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY
(To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x")

| __X_ Not an INS detainee. | __X_ Not a pre-trial inmate. |
|---|---|
| __X_ Not a contractual boarder. | __X_ Not an "old law" inmate. |
| ___ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | __X_ Not a crime of violence as contained in BOP Categorization of Offenses policy.<br><br>___ Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| __X_ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. ||

My current assessment, in consultation with your unit team, is that it( **X DOES** ___DOES NOT) appear that you are provisionally eligible for early release. If not, list **ALL** the reason(s).

Comments **Current offense includes a 4-point enhancement for weapon, and therefore excludes you from eligibility for early release.**

| Inmate's Signature (indicate if refused to sign)<br>*Cecil F. Gibson* | Refused to sign<br>___ Yes ___ No |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)        (This form replaces BP-S761 dtd DEC 03)

## EXHIBIT - "A"

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| CECIL FREEMONT GIBSON, | ) | |
| | ) | |
| Movant, | ) | CASE NO.: 1:06-CV-0145-MHT-CSC |
| | ) | |
| v. | ) | (Cr. No. 1:04-CR-0180-MHT) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, providing notice to Assistant United States Attorney, Todd A. Brown, counsel for the United States.

Respectfully submitted,

.
      /S/  David McKnight
..By: DAVID McKNIGHT
Baxley, Dillard, Dauphin, McKnight & Barclift
2008 Third Avenue South
Birmingham, Alabama 35233
(205) 271-1100
FAX: (205) 271-1108
*email:* dmcknight@bddmc.com